UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SureChoice Underwriters,<br><br>    Plaintiff,<br>vs.<br><br>Elizabeth Savage, Michael Coladonato, and Bailey Ryan Pugh,<br><br>    Defendants. | Civil Action No. 2:25-cv-12380-RMG<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT

Now comes the Plaintiff, SureChoice Underwriters Reciprocal Exchange ("SURE"), by and through its attorney, and for its Complaint for Declaratory Judgment against Defendants Elizabeth Savage ("Defendant Savage"), Michael Coladonato ("Defendant Coladonato"), and Bailey Ryan Pugh ("Defendant Pugh" or "Named Insured"), (hereinafter collectively "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 1332 because there is complete diversity of citizenship between SURE, a New Jersey company, and the South Carolina Defendants Elizabeth Savage, Michael Coladonato, and Bailey Ryan Pugh, and the amount in controversy exceeds $75,000 exclusive of attorney's fees, interest, and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Property for which insurance was purchased is located at 14415 Farmwood St, Ladson, South Carolina, which is within the boundaries of the South Carolina District Court, Charleston Division. Venue

1

is also proper in South Carolina District Court, because the Defendants reside in South Carolina, and the Policy was delivered to Defendant Pugh in South Carolina.

## NATURE OF THE ACTION

3. This is an insurance coverage action for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. SURE seeks a determination of the parties' rights and obligations under policy numbers SCRA12842700 and SCRA12842701, for the periods of February 10, 2023 to February 10, 2024 and February 10, 2024 to February 10, 2025 (the "Policies"), which was issued to Bailey Ryan Pugh (the "Named Insured"), for the property located at 4415 Farmwood St, Ladson, South Carolina (the "Residence Premises"). A true and correct copy of the Policies are attached here as **Exhibit A**.

5. A dispute exists regarding whether SURE is obligated under the Policies to pay the loss resulting from a dog bite on or about February 10, 2024.

SURE seeks a declaration that:

(a) That the dog is a mix of the excluded dog breeds as defined under the Policies Specified Dog Breeds Exclusions;

(b) That the dog was owned by or in care, custody and control of the Insured at the time of the dog bite as defined under the Policies;

(c) That there is no liability and Medical Payments coverage under SURE's Policies for injuries arising out of this dog bite;

(d) That SURE has therefore no duty to defend Bailey Ryan Pugh for the allegations of the underlying lawsuit.

## PARTIES

6. Plaintiff SURE is a corporation formed and existing pursuant to the laws of New Jersey, with its principal place of business in 101 Hudson Street, Suite 2700, Jersey City, New Jersey, 07302.

7. Defendant Bailey Ryan Pugh ("Defendant Pugh") is a resident of South Carolina and is the Named Insured under the Policies.

8. Defendant Michael Coladonato ("Defendant Coladonato") is a resident of South Carolina. Upon information and belief, Defendant Coladonato is the only individual alleging damages directly against Bailey Pugh.

9. Defendant Elizabeth Savage (Defendant Savage") is a resident of South Carolina. Upon information and belief, Defendant Savage is the owner of the dog in question that allegedly bit Defendant Coladonato.

## BACKGROUND

10. On May 8, 2024, the Named Insured, Defendant Pugh reported a claim to SURE regarding a lawsuit that was filed related to a dog bite incident where he was a named defendant.

11. Defendant Coladonato alleges that he was bitten by a dog named Foxy which was owned by Defendant Savage while visiting a dog park with his own dog.

12. Defendant Coladonato allegedly suffered injuries to his body when he attempted to break up a fight between his own dog and Foxy.

13. Defendant Pugh was dog sitting Defendant Savage's dog at the time the biting incident occurred at the dog park.

14. Defendant Savage's dog, Foxy, was in the care, custody, and control of Defendant Pugh at the time the dog bite occurred.

3

## FOR A FIRST DECLARATION

15. SURE repeats, re-alleges, and incorporates Paragraphs 1-14 above as if fully set forth herein verbatim.

16. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, district courts have power to make declaratory judgments regarding the rights and legal relations of parties under a contract.

17. An actual controversy exists between SURE and Defendants with respect to the obligations of SURE to provide coverage under the Policies for injuries as a result of a dog bite in the care custody and control of the named insured, Bailey Pugh, when the dog is a mix of excluded breeds.

18. By this action, SURE is seeking declaratory relief to establish SURE's obligations under the Policies.

19. The SURE Policies[1], Exhibit A provides, in pertinent part:

**HOMEOWNERS 3-SPECIAL FORM**[2]

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**

**A.** In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

**B.** In addition, certain words and phrases are defined as follows:

…

---

[1] See Exhibit A.
[2] HO 00 03 05 11.

**2.** "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

**5.** "Insured" means:

**a.** You and residents of your household who are:

**(1)** Your relatives; or

**(2)** Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;

**b.** A student enrolled in school full-time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of:

**(1)** 24 and your relative; or

**(2)** 21 and in your care or the care of a resident of your household who is your relative; or

**c.** Under Section **II:**

**(1)** With respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by you or any person described in **5.a.** or **b.** "Insured" does not mean a person or organization using or having custody of these animals or watercraft in the course of any "business" or without consent of the owner; or

…

**8.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

    **a.** "Bodily injury"; or

    **b.** "Property damage"

…

**SECTION II- LIABILITY COVERAGES**[3]

**A. Coverage E - Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

---

[3] *Id.* p. 17 of 24.

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

B. Coverage F – Medical Payments to Others

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury". Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except "residence employees". As to others, this coverage applies only:

1. To a person on the "insured location" with the permission of an "insured"; or
2. To a person off the "insured location", if the "bodily injury":
   a. Arises out of a condition on the "insured location" or the ways immediately adjoining;
   b. Is caused by the activities of an "insured";
   c. Is caused by a "residence employee" in the course of the "residence employee's" employment by an "insured"; or
   d. Is caused by an animal owned by or in the care of an "insured".

…

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL EXCLUSION ENDORSEMENT[4]**

**SECTION II – EXCLUSIONS**

**E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others**

The following exclusions are added:

Coverages **E** and **F** do not apply to the following:

**Specified Dog Breeds Liability**

This insurance does not apply to loss, "bodily injury" or "property damage" arising out of, caused by, or attributable to, whether in whole or in part, any of the following dog breeds owned by, or in

---

[4] HC4721302 12 21

the care, custody and control of any "insured" whether or not the injury occurred on the "insured premises" or any other location:

**a.** Vicious canine regardless of breed, that any "insured" knows or should have known has attacked, bitten, or otherwise caused "bodily injury" to any person;

…

**c.** Alaskan Malamute;

**d.** American Staffordshire Terrier;

**e.** Boxer;

…

**h.** Chow;

…

**n.** Pitt Bull;

…

**t.** Staffordshire Bull Terrier

…

**u.** Any breed of guard dog such as a Doberman Pinscher or a German Shepherd;

**v.** Any mix of the above breeds.

…

All other provisions of this policy apply.

************

20. SURE seeks a declaration that the Policies issued by SURE to Bailey Pugh do not provide coverage for injuries arising out of a dog bite by a mix breed dog that is made up of specific breeds that are excluded as defined under the Policy language.

21. Foxy, the dog in question, submitted to DNA testing and it was found that she is a mix of American Pit Bull Terrier, Boxer, Chow Chow, Alaskan Malaumute, and German Sheppard as well as some other breeds.

7

22. The dog meets the definition as an excluded breed under the Policy Exclusion because she is a mix of excluded breeds.

23. SURE seeks a declaration that there is no coverage for injuries arising out of this dog bite by a mix breed dog that is made up of specific breeds that is excluded under the Policy.

24. SURE is entitled to a declaration that the Policies issued by SURE to Bailey Pugh does not provide liability or Medical Payments coverage for any injuries and damages that are related to the dog bite incident that occurred on February 10, 2024.

25. SURE seeks declaratory relief that it has no obligation to pay for any loss sustained due to the alleged dog bite incident that occurred on February 10, 2024.

26. SURE repeats, re-alleges, and incorporates Paragraphs 1-19 as if fully set forth herein verbatim.

27. Because the Policies do not provide coverage for the injuries and damages sustained by the dog bite, Michael Coladonato, Elizabeth Savage, and Bailey Pugh have no right to recover under the Policies for any damages or injuries sustained by the dog bite.

28. SURE is entitled to a declaration that it has no duty to continue to defend Bailey Pugh in the above- referenced lawsuit entitled *Elizabeth Savage v. Michael Coloadonato v. Bailey Ryan Pugh,* Civil Action No. 2024-CP-10-02011.

## **PRAYER**

WHEREFORE, SURE requests that this Court inquire into these matters and declare as follows:

(a) That the dog is a mix of the excluded dog breeds as defined under the Policies Specified Dog Breeds Exclusions;

(b) That the dog was in the care, custody and control of the Insured at the time of the dog bite as defined under the Policies;

(c) That there is no liability and Medical Payments coverage under SURE's Policies for injuries arising out of this dog bite due to the exclusion;

(d) That SURE has therefore no duty to continue to defend Bailey Ryan Pugh for the allegations of the underlying lawsuit.

(e) And for such other and further relief as the Court may deem just and proper, including awarding reasonable attorney fees and cost incurred in bringing this action.

                                                   Respectfully submitted,

                                                   **RESNICK & LOUIS, P.C.**

                                                   *s/Alicia N. Bolyard*
                                                   Alicia Bolyard, Esq. (Fed. Bar No. 13196)
                                                   146 Fairchild Street, Suite 130
                                                   Charleston, South Carolina 29492
                                                   (843) 410-2534
                                                   abolyard@rlattorneys.com
                                                   *Attorney for Plaintiff SureChoice Underwriters Reciprocal Exchange*

September 9, 2025

Charleston, South Carolina